IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0500-06






CARLOS VALDEZ, Appellant


 

v.
 

 

THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE EIGHTH COURT OF APPEALS

EL PASO COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Price, Johnson, Keasler, Holcomb and Cochran, JJ., joined. Womack, J., concurred.


O P I N I O N


 This is a jury-unanimity case. A jury convicted appellant of two robberies. (1) Pursuant to
Section 12.42(d), Tex. Pen. Code, the jury assessed enhanced 30-year sentences for these robbery
convictions after unanimously finding that appellant "had been finally convicted of at least one
[felony] offense on two separate occasions from at least two of the following [enhancement]
paragraphs."

 (a) the offense of Burglary of a Vehicle Habitualized or Burglary of a Vehicle
Habitualized or Burglary of a Vehicle Habitualized, in Cause Number 6127965 or
60727 or 60726, in the 65th Judicial District Court of El Paso County on the 5th day
of August, 1991, 


 (b) the offense of Burglary of a Vehicle Enhanced or Burglary of a Vehicle in the
327th Judicial District Court of El Paso County, Texas in Cause Numbers 54622 or
55373 on the 12th day of June, 1989,


 (c) the offense of Burglary or Burglary of a Vehicle, in the 243rd Judicial district
Court of El Paso County, Texas in Cause Number 52173243 or 50847243, on the 7th
day of March, 1988[. (2)]

 

 Appellant claimed for the first time on direct appeal that the jury's enhancement findings
violate his right to a unanimous jury verdict. The Court of Appeals rejected this claim. See Valdez
v. State, No. 08-04-00104-CR, slip op. at 14-15 (Tex.App.-El Paso, delivered March 16, 2006) (not
designated for publication) ("fact that the charge did not require unanimity regarding the preliminary
facts leading to the finding of habitual offender status, does not require a finding that the charge was
erroneous"). We granted review of the following ground:

 Whether the El Paso Court of Appeals erred in allowing an enhanced punishment on
a less than unanimous jury verdict?


 Appellant argues that the jury was permitted to assess an enhanced punishment under Section
12.42(d) "without reaching a consensus as to which enhancement convictions, paragraphs and
attendant cause numbers that the State was required to prove beyond a reasonable doubt." Appellant
further argues that the jury should have been "required to reach a unanimous decision as to which
convictions, if any, could be used to enhance punishment."

 Recent case-law establishes that the question of what a jury must be unanimous about in
cases like this is determined by the legislative intent of the applicable statute. See White v. State, 
 S.W.3d , slip op. at 3 (Tex.Cr.App. No. PD-1787-05, delivered December 6, 2006); Jefferson v.
State, 189 S.W.3d 305, 311-13 (Tex.Cr.App.), cert. denied, 127 S.Ct. 386 (2006). The applicable
statute in this case is Section 12.42(d), which, in relevant part, provides for enhanced punishment
if the defendant has previously been convicted of "two felony offenses." (3) This unambiguous "two
felony offenses" language in Section 12.42(d) is an element about which a jury must be unanimous. 
Compare White, slip op. at 3 ("felony-murder" under Section 19.02(b)(3), Tex. Pen. Code, requires
jury unanimity on the element that the defendant committed a "felony").

 The jury's finding in this case that appellant "had been finally convicted of at least one
[felony] offense on two separate occasions from at least two" of the enhancement paragraphs is a
unanimous finding that appellant committed at least "two felony offenses" even though some of the
jurors may have believed that he committed at least one of the felonies set out in paragraphs "a" and
"b," and some of the jurors may have believed that he committed at least one of the felonies set out
in paragraphs "b" and "c," and the rest of the jurors may have believed that he committed at least one
of the felonies set out in paragraphs "a" and "c." Compare White, slip op. at 3 (jury unanimously
found that defendant committed a "felony" even though some of the jurors may have believed that
he committed felony A and the rest of the jurors may have believed that he committed felony B). 
This applies to any other similar combination of findings. (4) Compare id. In cases like this, when a
combination of more than two felonies is charged for enhancement purposes, jury unanimity is not
required on any two specific felonies out of this combination. Compare id. ("felony-murder" statute
requires jury unanimity that the defendant committed a "felony" and "not one specific felony out of
a combination of felonies").

 The judgment of the Court of Appeals is affirmed.


 Hervey, J.

Delivered: March 21, 2007

Publish
1. Robbery is a second-degree felony with a range of two to twenty years. See §§ 29.02; 12.33,
Tex. Pen. Code.
2. The record contains evidence (shown primarily by various pen packets) to support each of
the seven felony convictions set out in these paragraphs. The State also argued to the jury:


 But if you'll turn to page-well, page two. Page two will be the first part I'll start
with. You'll see where it says "A, B and C." "A" is basically State's Exhibit 34,
which is this pen packet right here (indicating). Okay? And then "B" is going to be
State's Exhibit 32, which is this pen packet right here (indicating)? And then "C" is
State's Exhibit 31. All right?

* * *

 And the reason I'm telling you this, the reason why this charge is so complicated is
because each one of these does not represent just one crime. Each one of them
represents-if you're looking at State's Exhibit 34, three different crimes. If you're
looking at State's Exhibit 32 or "B" in your charge, it's two crimes. And State's
Exhibit C-or State's Exhibit 32 (sic), which is "C" in your charge, it's two crimes. 
Okay? 
3. Section 12.42(d) states:


 (d) If it is shown on the trial of a felony offense other than a state jail felony
punishable under [Section 12.35(a), Tex. Pen. Code] that the defendant has
previously been convicted of two felony offenses, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous conviction
having become final, on conviction he shall be punished by imprisonment in the
institutional division of the Texas Department of Criminal Justice for life, or for any
term of not more than 99 years or less than 25 years.
4. The State argued to the jury that there was "about a trillion combinations."